Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Donald Meredick *v.* Auto Express, Inc., Appellant.

Argued September 12, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*Joseph A. Murphy*, with him *Anthony J. Piazza, John R. Lenahan*, and *Lenahan, Dempsey & Murphy*, for appellant.

*James J. Haggerty*, with him *Joseph J. O'Brien, Jr., Haggerty & McDonnell*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE MENCER, November 10, 1975:

Donald Meredick (claimant) was last employed as a tractor-trailer driver for Auto Express, Inc. (appellant).

On Friday, May 4, 1973, claimant drove his regular route between the Scranton terminal and the Charmin Paper plant in Mehoopany, Pennsylvania. At the Charmin plant, claimant, with the aid of two or three Charmin employees, participated in the routine unloading of his cargo through the use of mechanized forklifts and hand trucks. He then moved his truck to the loading dock and began, by himself, to hand load his truck for the

return trip home. At about 2 p.m., during the course or loading the truck, claimant experienced pains across his chest. Another truck driver finished the loading, and claimant, with great difficulty, managed to get his truck back to the plant and to check out for home. Claimant's chest pains continued intermittently until the following day when he was hospitalized for a myocardial infarction. He has not returned to work.

After a hearing, a referee found claimant to have been totally disabled from a work-related injury and accordingly awarded, in addition to claimant's stipulated medical expenses, compensation at the rate of $100 per week. The Workmen's Compensation Appeal Board (Board) affirmed, and Auto Express has now appealed to this Court, raising various errors it deems fatal to claimant's recovery. We affirm.

In this type of case, where the Board has affirmed an award of a referee granting benefits to a claimant, our scope of review is limited to a determination of whether there is substantial competent evidence in the record to support any necessary findings of fact and whether the Board and referee have committed an error of law. *Columbus Service International v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 441, 333 A. 2d 233 (1975); *Panther Valley School District v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 178, 318 A. 2d 403 (1974). And where, as here, the Board has received no additional evidence, we are compelled to rely on the facts as found by the referee, if such facts are supported by substantial competent evidence. *Leipziger v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 417, 315 A. 2d 883 (1974). As we have often stated, substantial evidence must be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Columbus Service International v. Workmen's Compensation Appeal Board, supra.*

Appellant first brings before this Court the question of whether claimant met the burden placed on him of proving "that he sustained a work-related injury in the course of his employment." Appellant has therefore correctly recognized, and raised as an issue, the effect of the new amendments to Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act.[1] Hence we turn to *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company,* 19 Pa. Commonwealth Ct. 90, 338 A. 2d 744 (1975), as precedent in interpreting that amended section.

The facts and legal issues involved in *Jeddo* are remarkably similar to those at hand. The referee there had found that the claimant's deceased spouse had died of a heart attack which occurred during the course of his employment when he had attempted to move a heavy cable, a task he had performed on numerous occasions before. This Court held:

"Our careful review of the 1972 amendments to this section and other sections of the Act compels the conclusion that it is no longer necessary for a claimant to prove an 'accident' in order for his injury to be compensable. The Legislature, by deleting the word 'accident' from Section 301(c) and substituting for it the word 'injury' in the other sections, has made it clear that injuries sustained by employes after May 1, 1972 are compensable if (1) they arise in the course of employment and (2) are related thereto.

"In the present case, there is little doubt that decedent's injury arose in the course of his employment. The referee's findings, as supported by the uncontradicted evidence in this case, reveal that de-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411. Section 301 was recently amended by the Act of March 29, 1972, P.L. 159; the Act of October 17, 1972, P.L. 930; and the Act of December 5, 1974, P.L. 782.

cedent was on the job performing one of his usual duties at the time of his death. Since the term 'injury arising in the course of employment' is defined in Section 301(c)(1) to include all injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, it is clear that decedent's injury is included in this term." 19 Pa. Commonwealth Ct. at 93-4, 338 A. 2d at 746-47 (Footnotes omitted).

In the instant case, it is equally clear that the referee's conclusion that the claimant suffered a work-related injury is adequately supported in his findings and in the record.[2] Although there is some conflicting testimony on this point, the resolution of such a conflict is left to the trier of facts, the referee, and we are bound by his determination. *Aluminum Company of America v. Theis*, 11 Pa. Commonwealth Ct. 587, 314 A. 2d 893 (1974).

Appellant's other arguments concerning the application of pre-*Jeddo* doctrines are without merit. As we stated in a footnote in the *Jeddo* case, "[s]ince the necessity of proving an 'accident' has been removed, the judicially enunciated categories of accidents will have no usefulness in all cases arising after May 1, 1972. See Hinkle v. H. J. Heinz Co., 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972)." 19 Pa. Commonwealth Ct. at 93 n. 3, 388 A. 2d at 746-47 n. 3.

---

2. Auto Express has made objection to the alleged conclusionary and ambiguous findings in the referee's decision. While we must acknowledge that the findings made below should not be considered as examples of perfection, we nonetheless do find that they meet this Court's requirements of judicial review. We would caution referees to be more explicit and thorough in their opinions so that this Court may have before it a construction of the case that permits us to pass upon questions of law. *See generally Joseph Horne Company v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 419, 327 A.2d 395 (1974); *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A.2d 381 (1973).

Of course, as in *Jeddo*, our analysis of the legal issues to be resolved under the amended Section 301 (c) (1) does not stop here.

"Our conclusion that decedent's injury arose in the course of his employment does not end our inquiry. As Section 301 (c) (1) makes clear, in order to be compensable, his injury must also be shown to be related to his employment. In other words, the causal connection between decedent's work and his injury and subsequent death must also be proved." *Jeddo, supra,* 19 Pa. Commonwealth Ct. at 94, 338 A. 2d at 747 (footnote omitted).

After carefully reviewing the record, we are convinced that adequate testimony connecting the claimant's work to the injury and disability was presented at the hearing. The testimony of Dr. Joseph A. Petriello, claimant's physician, directly related the pain suffered by claimant on Friday, May 4, 1973, to the coronary condition he diagnosed the following morning. During the examination of Dr. Petriello by claimant's counsel, the following discussion took place: "Q. Assuming all of these to be true, Doctor, do you have an opinion as to what condition Mr. Meredick was suffering on May 4, 1973? A. I would say that that would be, the onset of this coronary condition is the type of work that he was doing prior to that attack. Q. And whether or not the attack was caused by the activity that he performed that day? A. Well, nobody knows the entire reason for a coronary, but the predisposing factors of overexertion and all of this would indicate that this was the probable cause of this myocardial infraction—of the coronary which caused the myocardial infarction. Q. Doctor, in your opinion is Mr. Meredick totally disabled today? A. I would say so, yes. Q. And will he be totally disabled for an undetermined period of time in the future, A. Yes." A few minutes later, on cross-examination by opposing counsel, Dr. Petriello stated: "So when you're coming up with as-

sumptions—the thing is this man overexerted himself, and I feel that would be the cause of the initial attack."

The above testimony in its totality constitutes sufficient competent evidence to support the referee's finding as to causation. Once again, the appellant, through its failure to comprehend the correct function of a referee or scope of review of this Court, compels us to reiterate the well-established rule that it is the referee whose duty it was to resolve conflicting testimony and to weigh the evidence in this record, and we will not disturb his findings unless we discover an error of law. *Jeddo, supra.* Here we have not discovered such an error of law.

We find that the record clearly contains sufficient evidence presented by claimant to support the referee's finding as to the permanency of the claimant's disability.

Finally, appellant asserts that the referee and the Board erred as a matter of law in not ruling on its specific motion for an appointment of an impartial physician. While it is true that it may be better practice for the Board to at least make a ruling one way or another on such a petition, we find no error in the Board's failure to so rule. While we recognize the established practice of presenting a petition such as appellant's, yet we have found no authority for such petitions in the Act or the Board's rules. Section 420 of the Act, 77 P.S. §831, cited by appellant as authority for such requests, merely permits the Board, Department, or a referee, *on its or his own motion,* to appoint impartial physicians. Nowhere does that section, or the rules of the Board, authorize petitions for appointment, nor do they require the Board or a referee to rule on such petitions if presented.

We find all of appellant's other objections to be without merit, and therefore we find that claimant has met the burden imposed on him of presenting evidence to support the referee's decision and that neither the referee nor the Board has committed an error of law or abuse of discretion.

We issue the following

ORDER

AND NOW, this 10th day of November, 1975, the order of the Workmen's Compensation Appeal Board relative to the claim of Donald Meredick is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of Donald Meredick and against Auto Express, Inc., to be computed at the rate of $100 per week, beginning May 5, 1973 and continuing thereafter for an indefinite period, and for the sum of $397 for medical and drug expenses, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.