Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, Estep Electrical Contractors and Harleysville Mutual Insurance Company, Insurance Carrier *v.* Burnette Bowen, Appellant.

Argued February 5, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three. Reargued September 9, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Ronald E. Johnson,* with him *Landis & Black,* for appellant.

*Robert D. Kodak,* with him *Frederick W. Andrews, Knupp and Andrews,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, October 19, 1976:

This is an appeal from a decision and order of the Workmen's Compensation Appeal Board (Board) reversing a referee's determination that Mr. Burnette

Bowen (claimant) suffered a work-related heart attack which was compensable under Section 301(c) of The Pennsylvania Workmen's Compensation Act[1] (Act). In denying benefits the Board concluded that the competent medical testimony presented by the claimant failed to establish a causal connection relating the claimant's heart attack to his work. This appeal by the claimant followed.

In our recent cases, we have said that for a claimant to recover workmen's compensation benefits after suffering a heart attack, he must show (1) that the heart attack arose in the course of employment, and (2) that it was causally connected with his work. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company*, 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975); *accord, Workmen's Compensation Appeal Board v. Ayres Philadelphia, Inc.*, 23 Pa. Commonwealth Ct. 249, 351 A.2d 306 (1976); *Workmen's Compensation Appeal Board v. Kanell Jewelers, Inc.*, 22 Pa. Commonwealth Ct. 1, 347 A.2d 500 (1975). Here the record indicates that in the afternoon of June 26, 1973, Mr. Bowen, then a 49-year-old electrician employed by the Estep Electrical Contractors, was pulling electrical cable through conduits on the roof at one of his employer's job sites. In doing this admittedly strenuous work, he experienced chest pain which he first thought might have been heartburn or indigestion. He went to the dispensary for medication and returned to the site where one of his co-workers completed the job while the claimant, unable to continue working, looked on and gave oral assistance. After leaving work at the end of the day and after the pain persisted into the evening, he was taken to the hospital where his condition was diagnosed as a myocardial infarction (heart attack). There is lit-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

tle doubt, therefore, that the claimant's heart attack occurred in the course of his employment.

The claimant attempted to establish the causal relationship between his work activities of June 26, 1973 and the heart attack that he suffered that same afternoon, and it is well settled that where no obvious causal relationship exists it must be established by unequivocal medical testimony. *See Columbus Service International v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 441, 333 A.2d 233 (1975); *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975). An examination of cases where the injury suffered was a heart attack, however, reveals that medical testimony need not be given in such cases with unqualified certainty. *See Workmen's Compensation Appeal Board v. Ayres Philadelphia, Inc., supra; Workmen's Compensation Appeal Board v. Auto Express, Inc.,* 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975); *Workmen's Compensation Appeal Board v. Allied Chemical Corporation,* 20 Pa. Commonwealth Ct. 562, 342 A.2d 766 (1975). Here the claimant offered the testimony of his family physician, Dr. Robert Hollen, whose pertinent medical observations are contained in this excerpt from the record.

"BY THE WITNESS:

"A. I think it's possible that any extreme exertion in a person who has some coronary artery disease, that the exertion can bring on the myocardial infarction.

"BY THE REFEREE:

"I'll take judicial notice of that.

"BY MR. JOHNSON [claimant's attorney]:

"Q. Did Mr. Bowen have such heart disease?

"A. It was not previously known that he did.

"Q. Then, doctor, do you have an opinion as to whether this myocardial infarction could have been caused by his employment?

"BY MR. ANDREWS:

"I object to that question, 'could be.'

"BY THE REFEREE:

"You shouldn't object. You know what the cases say.

"BY MR. JOHNSON:

"Q. Do you have an opinion as to whether his employment caused the myocardial infarction?

"A. I would have to say no opinion because I can answer the previous question better.

"BY THE REFEREE:

"He has no opinion as to whether or not his activities brought on the infarction.

"BY THE WITNESS:

"A. I think possibly they did, yes. I don't think it caused the arteriosclerosis.

"BY THE REFEREE:

"You can say in your opinion with a reasonable degree of medical certainty that the infarction he suffered on the 26th was brought about by his work activities as described that day?

"BY THE WITNESS:

"A. I would say this was hard work. I think the common thing we see is a person who does not know he has coronary artery disease and shovels his driveway and drops over dead. His shoveling snow precipitated or brought on the heart attack.

"BY THE REFEREE:

"But the condition is there?

"BY THE WITNESS:

"A. Yes.

"BY MR. JOHNSON:

"Q. Doctor, based on your examination and subsequent treatment of Mr. Bowen, do you with reasonable medical certainty have an opinion as to the time of day when Mr. Bowen suffered this myocardial infarction?

"A.   I would just have to say in the afternoon.

"Q.   Of June 26th?

"A.   Yes."

While this testimony seems to lack unqualified certainty as to the cause of the claimant's heart attack, the referee's finding that it was caused by his work on June 26, 1973 seems adequately supported in view of the fact that the employer offered no rebuttal testimony and that the doctor believed the claimant was working under conditions which could bring on a heart attack and that a heart attack actually did occur *at that time. Compare Lingle v. Lingle Coal Company,* 203 Pa. Superior Ct. 464, 201 A.2d 279 (1964) *with Workmen's Compensation Appeal Board v. Allied Chemical Corporation,* 20 Pa. Commonwealth Ct. 562, 342 A.2d 766 (1975). We do not believe that the mere absence of the magic words "his work caused his heart attack" should necessarily preclude the recovery of benefits where the referee who personally heard the testimony determined that the requisite causation was present. We believe, therefore, that the Board erred in reversing the referee's decision. *See Joseph Switken Company v. Jackson,* 17 Pa. Commonwealth Ct. 554, 333 A.2d 500 (1975).

In view of our determination that the claimant suffered a compensable heart attack on June 20, 1973, we must also consider his argument that the referee erred in finding him only partially disabled from September 23, 1973 and thereafter. The claimant alleges, and the referee clearly found that from June 23, 1973 until September 23, 1973, the claimant was totally disabled and unable to work. The claimant admits to returning to part-time work for the period running from September 23, 1973 to December 17, 1973, but alleges that from December 17, 1973 and thereafter, he was again unable to work and was totally disabled. The medical and other evidence of

record concerning these matters, although not substantial, tends to support these assertions. The status of a claimant's disability, however, is based upon a determination of the claimant's wage record and earning power. *See Modern Cooler Company v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 22, 333 A.2d 811 (1974). In this case there is virtually no evidence as to the wages earned by the claimant after September 23, 1973 and thereafter, although he admits to working from then until December 17, 1973 on a part-time basis. The claimant's doctor testified that he again became totally disabled on November 21, 1973. In view of the inadequate evidence before us, we believe that it is necessary to remand this matter to the Board for a proper determination of the claimant's disability status from September 23, 1973 and all relevant periods thereafter with a proper computation of benefits made according to the wage record of the claimant during those times.

## Order

And Now, this 19th day of October, 1976, the decision and order of the Workmen's Compensation Appeal Board is hereby reversed and this matter is remanded to the Board for a proper determination of the claimant's disability status from September 23, 1973 and all relevant periods thereafter with a proper computation of benefits made according to the wage record of the claimant during those times.

---

## Dissenting Opinion by Judge Mencer:

I respectfully dissent. In *Dunlap v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 19, 22, 330 A.2d 555, 556 (1975), we correctly stated:

"The rule of law is such that where there is no obvious causal relationship between the employe's injury and the alleged accident, the medical witness must testify, not that the injury or condition might have, or even possibly did, come from the assigned cause, but that in his professional opinion the result in question did come from the assigned cause."

The testimony in the record here does not meet the legal standard necessary to establish a causal connection relating the claimant's heart attack to his work. Dr. Hollen's testimony was simply equivocal on this vital point. There being no unequivocal testimony that claimant's heart attack resulted from his work, I would affirm the order of the Workmen's Compensation Appeal Board which denied benefits.

President Judge BOWMAN joins in this dissent.