Catherine Heffer, w/o Harold B., Appellant *v.* GAF Corporation and Workmen's Compensation Appeal Board.

Argued January 31, 1977, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*Victor F. Cavacini,* for appellant.

*Joseph E. Gallagher,* with him, of counsel, *O'Malley, Bour & Gallagher;* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., March 21, 1977:

This is an appeal by Catherine Heffer (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) reversing the referee's granting of compensation to Claimant due to the death of her husband (Decedent).

As found by the referee, Decedent died of a heart attack shortly after walking a minimum of 450 feet, in below freezing temperatures, across an outdoor gravel parking lot owned by his employer. After two hearings in which the referees found for Claimant, the Board, without taking additional evidence, reversed the referees' decision holding that as a matter of law the cause of death was not supported by sufficient competent evidence.

We affirm the Board.

In a case such as this, where no obvious causal relationship exists between Decedent's death and the al-

leged accident, unequivocal medical evidence, not based on mere possibilities, must be produced by Claimant to establish such a relationship. *See Kepler Homes v. Hand,* 27 Pa. Commonwealth Ct. 291, 366 A.2d 969 (1976). Medical testimony which is less than positive or based on possibilities does not constitute legally competent evidence. *Czanker v. Sky Top Lodge,* 13 Pa. Commonwealth Ct. 220, 226, 308 A.2d 911, 914 (1973); *Washko v. Ruckno, Inc.,* 180 Pa. Superior Ct. 606, 609, 121 A.2d 456, 457 (1956).

As reluctant as we are to disallow compensation in a case as close as this, we are obliged to do so because of the ambiguity of the testimony of the pathologist as discussed below.

The testimony heard by the referee reveals that the pathologist who performed the autopsy, specifically testified at the second hearing that Decedent's death was caused by the combination of the long walk, across the gravel parking lot, in below freezing weather. This was the only evidence presented to establish the cause of death. Unfortunately for Claimant, the pathologist reaffirmed his prior testimony (which was read to him) wherein he specifically declined to say whether a walk of *less than* 500 feet under the recited conditions could have caused Decedent's demise. The pathologist described a walk of less than 500 feet as a "grey area" situation in which he could venture no firm opinion. The referee, however, found that Decedent "walked a distance of at least 450 feet" and that this "relatively long walk," combined with other factors, caused the death. Since the pathologist refused to positively commit himself as to the cause of death if the distance had been less than 500 feet, we hold that the Board did not err in concluding that the referee's findings of fact were not supported by competent medical testimony.

Accordingly, we

## ORDER

AND Now, this 21st day of March, 1977, the decision of the Workmen's Compensation Appeal Board is hereby affirmed.