Westmoreland Casualty Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and J. L. Lee, Respondents.

Argued February 2, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*H. Reginald Belden, Jr.,* with him *Stewart, Belden, Sensenich & Herrington,* for petitioner.

*Donetta W. Ambrose,* with her *Ambrose & Ambrose,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., June 26, 1978:

Westmoreland Casualty Company (Appellant) appeals a decision of the Workmen's Compensation Appeal Board (Board) affirming an award of benefits to J. L. Lee (Claimant).

The facts as found by the referee are as follows. Claimant was employed by Treesdale Labs (Employer) where he took "hot tops" made of crushed limestone from ovens and placed them, with the help of co-workers, onto pallets in preparation for delivery. Specifically, the referee found

> that on September 24, 1971, Claimant's foot slipped while handling a hot top weighing between 300 and 400 pounds with two fellow workers, and that Claimant immediately complained to both fellow employees that he had hurt his back. . . .

The referee also found

all disability of Claimant resulted directly from the injury which Claimant sustained in the course of his employment for [Employer] on September 24, 1971, and that all the above-described periods of disability were directly related thereto.

Based upon these findings, the referee concluded

[t]hat the Claimant is entitled to compensation benefits under the provisions of the Workmen's Compensation Act of Pennsylvania, as amended for total disability as a result of injuries which were sustained in the course of employment for [Employer].

Finding that substantial competent evidence existed on the record to support the referee's determination, the Board affirmed the referee and dismissed the appeal. Upon appeal to this Court, Appellant argues that Claimant failed to establish the necessary causal connection between the injury and the alleged work-related cause.

It is beyond discussion that, where no obvious causal connection exists between a claimant's injury and the alleged cause, unequivocal medical evidence, not based on mere possibilities, must be produced to establish the relationship. Medical testimony which is less than positive or based on possibilities does not constitute legally competent evidence. *Heffer v. GAF Corp.*, 29 Pa. Commonwealth Ct. 365, 370 A.2d 1254 (1977). Of course, as we said in *Rosenberry Brothers Lumber Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 283, 387 A.2d 526 (1978), this doesn't mean that the "magic words" of causation, *i.e.*, "his work caused his heart attack," are necessary to establish the relationship. Appellant contends, however, that Claimant's evidence of record fails to meet this standard.

Claimant's medical testimony was presented by Dr. Malcolm Cottington, a physician who treated Claimant for the first time approximately 14 months after the alleged work-related occurrence. After detailing the history related to him by Claimant upon which he made his diagnosis, Dr. Cottington was asked the following question:

> Q. Doctor, did you arrive at an opinion with reasonable medical certainty as to whether or not the condition that [Claimant] had when you first treated him was caused as a result and consequences of the injuries sustained by him in his employment?

After objection by counsel for Employer and a clarifying question and answer, counsel for Claimant continued:

> Q. I'll ask you have you arrived at an opinion with reasonable medical certainty that the injuries sustained fourteen months prior were the cause of the condition as you found Mr. Lee at the time when he first came to you?
>
> A. Yes, I think the herniated disk that he had would be consistent with an injury.

Since we hold the doctor's testimony establishing the causal connection is not based on mere possibilities, the Board did not err in concluding that the referee's findings of fact were supported by competent medical testimony.

Accordingly, we

## ORDER

AND Now, this 26th day of June, 1978, judgment shall be entered in favor of Claimant, J. L. Lee, and against the Defendants, Treesdale Labs and/or Westmoreland Casualty Company, with compensation for total disability in the amount of $60.00 per week com-

mencing on September 25, 1971, and to continue so long as Claimant's disability attributable to the injury of September 24, 1971, continues to remain total.

Defendants are directed to pay the Pennsylvania Blue Shield a total sum of $460.00 under their claim for subrogation for payment of the medical bill of Dr. Malcolm Cottington and to pay a total amount of $35.00 to the Allegheny Valley Hospital.

Interest at the rate of six percent (6%) per annum is payable on all deferred installments of compensation.