Edith H. Faust, widow of A. Wesley Faust, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and New Hanover Township, Respondents.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Craig S. Boyd,* for petitioner.

*Richard A. Bausher, Stevens & Lee,* for respondent, New Hanover Township.

OPINION BY JUDGE MENCER, December 12, 1980:

Edith H. Faust, widow of A. Wesley Faust, appeals from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of her fatal claim petition. We affirm.

A. Wesley Faust, on the day of his death, was a police officer employed by New Hanover Township. He offered to assist a police officer in Limerick Township in an accident investigation. The Limerick Township police officer arrived at the scene of the accident before Officer Faust and commenced his investigation. Within a few minutes an unidentified bystander shouted, "Get over here, you have an officer down." Officer Faust was found lying on the highway, was taken to a hospital, and died of a myocardial infarction with cardiac arrest.

The referee made two key findings of fact, both of which are supported by substantial evidence in the record of this case:

> 4. Decedent was continuously under the care of Donald Loeper, M.D., a family practitioner, from January 14, 1977 to the time of his death for conditions of hypertension, overweight, and blood in the urinary tract, the decedent having previously complained of a vague amount of chest pain to Doctor Loeper in December 1975.
>
> . . . .
>
> 5. Claimant's expert medical witness, Doctor Loeper, testified that he did not know the cause of the decedent's death and made no conclusion as to whether the decedent had heart or coronary disease, and further, he did not know what happened to the decedent.

Heart attacks are compensable injuries under Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1), if they (1) arise in the course of employment and (2) are related thereto. *Workmen's Compensation Appeal Board v. Auto Express, Inc.,* 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975). The second element has been interpreted to mean that

a claimant must show a causal connection between his work and his heart attack. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.,* 19 Pa. Commonwealth Ct. 90, 94, 338 A.2d 744, 747 (1975). Where this causal connection is not obvious, it must be established by unequivocal medical testimony. *Heffer v. GAF Corp.,* 29 Pa. Commonwealth Ct. 365, 370 A.2d 1254 (1977).

In *Rosenberry Brothers Lumber Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 283, 287, 387 A.2d 526, 528 (1978), we reaffirmed "our firmly entrenched doctrine that in the absence of an obvious causal connection, unequivocal medical testimony must be presented." In *Rosenberry,* we held that compensation could not be awarded for an on-the-job heart attack, absent an obvious causal connection or unequivocal medical testimony that the claimant's heart attack was causally connected to his work.[1]

In the instant case, there has been a total failure in establishing that Officer Faust's heart attack was causally connected to his employment. Dr. Donald Loeper, who had been treating this 245-pound police officer for high blood pressure,[2] was asked, "Do you know what the cause of Mr. Faust's death was?" and the doctor answered, "No." This record contains no

---

[1] Our Supreme Court, in *Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.,* 479 Pa. 286, 298, 388 A.2d 659, 664 (1978), concluded its opinion with the following: "Our review of the records convinces us that, contrary to appellants' assertion claimants in each case have shown *the required causal connection* between the occurrence of the decedent's heart attack and the decedent's working duties *so as to establish that the deaths were 'related to' employment.*" (Emphasis added.)

[2] As noted by the Board, these conditions, as well as those contained in the referee's finding of fact 4, make it difficult to presume an "obvious causal connection" between Officer Faust's employment and his heart attack.

288

other evidence on this crucial question. Accordingly, we cannot conclude that the referee and the Board erred in deciding that the record does not establish the necessary causal connection between Officer Faust's heart attack and his employment. *See Hudack v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 508, 379 A.2d 1074 (1977).

Accordingly, we make the following

ORDER

AND Now, this 12th day of December, 1980, the order of the Workmen's Compensation Appeal Board, dated January 8, 1980, affirming the referee's decision of September 20, 1979 dismissing the fatal claim petition filed by Edith H. Faust, is hereby affirmed.