Herbert Haney, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Patterson-Kelley Company, Inc., Respondents.

462

Argued December 18, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*C. Daniel Higgins,* for petitioner.

*Edward Feege,* with him *Phillip H. Williams,* for respondent, Patterson-Kelley Company, Inc.

OPINION BY JUDGE MENCER, March 30, 1982:

This is an appeal by Herbert Haney (claimant) from a decision of the Workmen's Compensation Appeal Board affirming a referee's decision which dismissed the claimant's petition for compensation. We affirm.

The claimant had been employed by the Patterson-Kelley Company, Inc. (employer) for a period of 21 years. His usual work consisted of maintenance and indoor plumbing. During the week of April 3, 1978, the claimant was required by his employer to perform strenuous outdoor labor in very cold weather.

At approximately 2 a.m. on April 7, 1978, the claimant awoke at home with pain which he believed was indigestion. He took some baking soda and a glass of milk and went back to bed. The claimant reported for work and labored from 7 a.m. until approximately 8:30 or 9 a.m., when he suffered severe pain in the pit of his stomach. He left work and was subsequently admitted to the hospital.

The claimant was diagnosed by Dr. John Kauderer, a specialist in internal medicine, as having suffered a myocardial infarction or heart attack. Thereafter, the claimant filed a claim for workmen's compensation benefits, alleging that his myocardial infarction was work related. In a hearing before a referee, the only testimony presented was that of the claimant and Dr. Kauderer. The employer presented no medical testimony to rebut that of Dr. Kauderer. The referee, however, dismissed the claimant's petition for compensation, holding that the claimant failed to prove, with reasonable medical certainty, that his myocardial infarction arose in the course of his employment or was causally related thereto. The Board, relying on *Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978), affirmed the referee, noting that the claimant had the burden of proving that his disability resulted from work conditions, not that work conditions were a contributing factor. This appeal followed.

Heart attacks are compensable injuries under Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1), if they (1) arise in the course of employment and (2) are related thereto. *Hudack v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 508, 509, 379 A.2d 1074, 1075

(1977), citing *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975). The second element has been interpreted to mean that a claimant must show a causal connection between his work and his heart attack. *Hudack*, 32 Pa. Commonwealth Ct. at 510, 379 A.2d at 1075; *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.*, 19 Pa. Commonwealth Ct. 90, 94, 338 A.2d 744, 747 (1975). When this causal connection is not obvious, however, it must be established by unequivocal medical testimony. *Faust v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 285, 422 A.2d 1246 (1980); *Heffer v. GAF Corp.*, 29 Pa. Commonwealth Ct. 365, 370 A.2d 1254 (1977).

In the instant case, the referee, in his conclusions of law, found that the claimant failed to establish that his heart attack was causally connected to his employment. The Board affirmed the referee's conclusion. The burden of proof is, of course, upon the claimant to prove that he has suffered a compensable injury. *Hinkle v. H. J. Heinz Co.*, 7 Pa. Commonwealth Ct. 216, 298 A.2d 632 (1972). Where the decision below is against the party with the burden of proof, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Morton*, 22 Pa. Commonwealth Ct. 577, 349 A.2d 773 (1976).

The claimant first contends that the referee's findings of fact are not consistent with his conclusions of law. Specifically, the referee found that the claimant had been assigned to more strenuous work outdoors in cold weather and that, in the opinion of Dr. Kauderer,

this outdoor work was a contributing factor in the claimant's heart attack. The claimant argues that the referee's conclusion of law that the claimant failed to prove with reasonable medical certainty that his myocardial infarction arose in the course of his employment or was causally related thereto is inconsistent with the above findings of fact.

In support of his position, the claimant relies on the case of *Workmen's Compensation Appeal Board v. Bowen*, 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976). In *Bowen*, this court stated, in effect, that, in heart attack cases, medical testimony need not be given with unqualified certainty. The claimant contends that *Bowen* holds that a lesser quantum of proof is required by way of medical testimony in establishing a causal connection in heart attack cases. However, as the employer correctly points out, the case of *Rosenberry Brothers Lumber Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 283, 387 A.2d 526 (1978), clarifies this aspect of *Bowen:*

> We did not by this language intend as Claimant now argues, to diminish the effect of our firmly entrenched doctrine that in the absence of an obvious causal connection, unequivocal medical testimony must be presented. We meant only to abolish the notion that certain 'magic words' were required to establish the connection.

*Id.* at 287, 387 A.2d at 528.

Based upon our decision in *Rosenberry*, we hold that the proper standard should be whether, based upon a thorough review of the entire record, the medical testimony, taken as a whole, was sufficiently unequivocal to support a finding for the claimant; the claimant should not be denied benefits solely because

of his physician's choice of words. *See Wilkes-Barre, City v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 230, 420 A.2d 795 (1980).

A careful review of the entire testimony of Dr. Kauderer reveals that it is far from unequivocal. It is true that at one point Dr. Kauderer does state that the claimant's work played a contributing role in his heart attack. Many other times, however, Dr. Kauderer testified with less than reasonable medical certainty that the claimant's heart attack was causally related to his work, *i.e.:* "Q. It is your opinion it may have caused—or may have contributed to his heart attack, and it's your opinion not a statement that it did. A. May have rather than did. I cannot make an absolute statement that it did or did not. That is correct."

The claimant asserts that certain of Dr. Kauderer's statements establish the necessary causal connection. A final decision, however, should not rest upon a few words taken from the context of an entire testimony. *Martinique v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 67, 404 A.2d 778 (1979). We believe that the testimony of Dr. Kauderer, when taken as a whole, is far from being unequivocal and fails to satisfy the claimant's burden of proof of causation.

The claimant points out that the Board, in affirming the referee, relied on the case of *Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* requiring that the claimant herein meet the burden of establishing that his heart attack resulted from his employment, not simply that the employment was a contributing factor. We agree with the claimant that this standard was enunciated as the quantum of proof for occupational disease cases under Section 301(c) (2) of the Act, 77 P.S. §411(2), and is not the correct

standard for the burden of proof to be applied in this case. It has been held, however, that where a court makes a correct ruling, order, decision, judgment, or decree but assigns an erroneous reason for its action, an appellate court will affirm the action below where the correct basis for the ruling, order, decision, judgment, or decree is clear upon the record. *Bearoff v. Bearoff Bros.,* 458 Pa. 494, 501, 327 A.2d 72, 76 (1974). This court has held that the same rule of law applies when, as here, an administrative agency assigns an erroneous reason to a correct decision and the record clearly shows the correct basis for that decision. *Hankinson v. Department of Public Welfare,* 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1981). As set forth above, the record amply supports the decision of the referee and the Board when the correct standard of proof is applied.

The claimant next argues that the referee capriciously disregarded competent medical testimony. As the claimant correctly points out, the employer offered no medical testimony to rebut the testimony of Dr. Kauderer. It is well established, however, that a referee, or factfinder, need not accept expert medical testimony, even though that testimony is uncontradicted. *Transue v. Falk's Food Basket,* 27 Pa. Commonwealth Ct. 156, 365 A.2d 894 (1976).

The claimant, citing *Lowery v. Pittsburgh Coal Co.,* 427 Pa. 576, 235 A.2d 805 (1967), contends, however, that the rejection of uncontradicted evidence, without the factfinder's stating a reason for the rejection, is reversible error. We find the claimant's reliance on *Lowery* misplaced. In *Lowery,* the Board found the uncontradicted testimony of the claimant's physician "competent but not credible." Thus, the Board was rejecting evidence that it did, in fact, find competent.

If; however, the testimony of a claimant's physician is less than positive or is based on possibilities, it does not constitute legally competent evidence to establish the causal connection between an injury and a claimant's employment and may be properly disregarded by the referee. *George v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 435, 411 A.2d 294 (1980). A fair reading of the whole of Dr. Kauderer's testimony reveals that it is far less than unequivocal and therefore incompetent to prove causation.

Finally, the claimant argues that he has been prejudiced by the fact that a referee other than the one hearing the testimony rendered the decision in his case. Unfortunately, the claimant did not raise this issue before the Board; nor was it raised in his petition for review to this court. Because the claimant failed to raise the issue below, he cannot now raise it on appeal, nor will this court set aside the decision of the successor referee. *Workmen's Compensation Appeal Board v. Young*, 18 Pa. Commonwealth Ct. 515, 336 A.2d 665 (1975). Furthermore, there is statutory authority to support the action of the Board in substituting referees in this case. *See* Section 415 of the Act, 77 P.S. §851; *Wilder v. Jones & Laughlin Steel Corp.*, 8 Pa. Commonwealth Ct. 505, 303 A.2d 537 (1973).

Therefore, we enter the following

ORDER

AND Now, this 30th day of March, 1982, the decision of the Workmen's Compensation Appeal Board, dated January 8, 1981, denying workmen's compensation benefits to Herbert Haney, is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.