Marc Jennings Genua, Petitioner *v.* Workmen's Compensation Appeal Board (WSEE Television and Insurance Company of North America), Respondents.

WSEE Television and Insurance Company of North America, Petitioners v. Workmen's Compensation Appeal Board (Marc Jennings Genua), Respondents.

134

Submitted on briefs March 2, 1983, to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioners.

*James P. Lay, III, Gifford, Lay, Johnson & Ridge,* for respondents/cross-petitioners.

OPINION BY JUDGE BLATT, June 17, 1983:
WSEE Television and the Insurance Company of North America (petitioners) appeal here an order of

the Workmen's Compensation Appeal Board (Board) affirming a referee's grant of benefits to Marc Jennings Genua (claimant). The claimant has cross-appealed from that part of the Board's order which disallowed reimbursement for certain medical bills which the referee had awarded.

The relevant facts, as found by the referee, are as follows. The claimant was a television news reporter. On September 24, 1976, he went to the scene of a major fire in downtown Erie and after five minutes of filming, he experienced a severe chest pain. He rested briefly, resumed filming, and then experienced chest pain again. Shortly thereafter, he lost consciousness and was taken to the hospital. His physicians opined that the stress levels of his employment had caused his heart to be overtaxed and then caused his collapse. The referee agreed and the Board affirmed the referee's award.

The claimant, of course, has the burden of proof, as to a showing of a compensable injury. *Hinkle v. H. J. Heinz Co.*, 7 Pa. Commonwealth Ct. 216, 298 A.2d 632 (1972). And where, as here, the decision of the referee is in favor of the party with the burden of proof, and the Board takes no additional evidence, our scope of review is limited to determining whether or not any constitutional rights were violated or an error of law was committed or whether a necessary finding of fact was unsupported by substantial evidence. *Greene County Memorial Hospital v. Workmen's Compensation Appeal Board*, 61 Pa. Commonwealth Ct. 82, 432 A.2d 1166 (1981).

The petitioners argue that, inasmuch as the causal connection between the claimant's work and his injury is not obvious, it must be established by unequivocal medical evidence, *Faust v. Workmen's Com-*

*pensation Appeal Board,* 55 Pa. Commonwealth Ct. 285, 422 A.2d 1246 (1980) and that the claimant's medical evidence presented here does not meet this standard.[1] We have carefully examined the record in this case, however, particularly the deposition testimony of Dr. Gary Lyons, the claimant's surgeon, and we agree with the referee and the Board, that the testimony did unequivocally establish[2] the required causal connection between the claimant's work and his injury.

Regarding the disputed medical bills, the referee had found the claimant entitled to reimbursement for these charges,[3] but the Board reversed this finding and remanded the case to the referee for additional evidence, noting that the record would not support the award. The claimant, on remand to the referee, rested on the deposition of Dr. Lyons, while the peti-

---

[1] We note that, in heart attack cases, the medical testimony need not be given with unqualified certainty. *Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976). *Bowen* has been interpreted to mean that "magic words" are not required. *Rosenberry Brothers Lumber Co. v Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 283, 387 A.2d 526 (1978); *Haney v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982).

[2] Dr. Lyons testified that the claimant's reporting activities generated stress which in turn "cause[d] the heart to be overtaxed and burdened and to cause his collapsed [sic]."

[3] The referee found the medical charges to be as follows:
Saint Vincent's Health Center; $8,570.82, paid by Blue Cross
Cardiopulmonary and Peripheral Vascular Associates, Inc., $3,050; $2,960.00, paid by Blue Shield, $90.00, paid by Claimant
Cardiology Associates, $390.00; $370.00, paid by Blue Shield, $20.00, paid by Claimant
Bernadino DiStefano, $240.00, paid by Blue Shield
Only the Saint Vincent bill is free from dispute.

tioners presented the deposition testimony of another physician who disputed the relationship of the bills to the injury. The referee, however, again ordered the payment of the bills. From our independent review of the record, we believe that the referee's determination is supported in the testimony. It is clear that these services were performed following the claimant's collapse on September 24 and are directly related thereto. And, although the Board may disagree with claimant's experts, it is axiomatic that questions of credibility and of conflicting evidence were for the referee to decide. He is the ultimate fact-finder, and his findings must be affirmed if supported by substantial evidence, as they were here. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982).

We will, therefore, affirm the order of the Board except as to the issue of the medical bills. On that determination, we must reverse and remand with directions to compute the benefits in accordance with the referee's decision.

### ORDER IN 2128 C.D. 1981

AND Now, this 17th day of June, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and remanded with directions to compute benefits in accordance with this opinion.

Jurisdiction relinquished.

### ORDER IN 2133 C.D. 1981

AND Now, this 17th day of June, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.