Commercial Laundry, Inc. and Home Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Elvira M. Butler, Appellees.

298 [black redaction]

[black redaction]

Argued December 5, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

[black redaction]

*Eugene F. Scanlon, Jr.,* with him *Dickie, McCamey & Chilcote,* for appellant.

*Irving M. Portnoy,* with him *Jerome A. Patterson, Litman, Litman, Harris* and *Specter, P.A.,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, January 29, 1975:

This is an appeal filed by Commercial Laundry, Inc. (Commercial) from an order of the Workmen's Compensation Appeal Board (Board), dated April 11, 1974, which reversed the referee and awarded workmen's compensation benefits to Elvira M. Butler (Butler). The

Board substituted three of its own findings of fact for three of the six findings of fact made by the referee and substituted three conclusions of law for the single conclusion made by the referee.

On February 25, 1971, Butler was employed by Commercial as a laundry sorter. The record establishes that ordinarily Commercial's laundry sorters would spread two sheets on the floor, place about 25 soiled sheets on top, and then tie up the bottom sheets into a bundle. The workers singly, or together, would then lift the bundle of sheets onto a rack approximately six feet high. On the day in question, February 25, 1971, the record indicates that because of a lack of available racks Commercial's laundry sorters were making heavier bundles containing more sheets and then lifting them between four inches and one foot higher than normal. Near the end of the shift, i.e., 5:00 A.M., while Butler was helping a coworker lift a bundle weighing approximately 75 pounds, the incident occurred which brought about her claim. Butler testified that "Whenever I threw it up I reached up straining myself more and I felt something snap." The record indicates that she experienced pain and immediately sat down. Butler immediately notified her supervisor of her claimed injury, and on that same date she visited St. Francis Hospital for emergency treatment. Thereafter she was treated by a physician, who diagnosed her ailment as an "acute back sprain." The record also indicates that Butler had injured her back in non-work-related accidents prior to February 25, 1971 (apparently some time from 1964 to 1966), and that Butler had a degenerative type arthritis known as "hypertrophic degenerative arthritis." On April 26, 1972, Butler filed a claim for compensation. On June 12, 1972, Commercial and its insurance carrier filed an answer denying that Butler had suffered an accident within the meaning of the Workmen's Compensation Act (Act),

Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1 et seq.

Three hearings were held before the same referee and testimony was received from Butler, her co-worker and her physician. On July 16, 1973, the referee issued his "decision" in which he made what are purported to be findings of fact and a conclusion of law. Because the inadequacy of the refree's findings has a direct bearing on the result we reach, we set forth the referee's findings and conclusions in toto:

## "FINDINGS OF FACT

"FIRST: That on February 25, 1971 the claimant, Elvira M. Butler, was in the employ of the defendant, Commercial Laundry, Inc., as a laundry sorter, earning an average weekly wage of $80.00.

"SECOND: That the claimant filed a petition on April 26, 1972 alleging that she hurt her back while bundling sheets and throwing them up on a rack, to which the defendant filed a general denial and under which Petition we now proceed. The alleged accident occurred on February 25, 1971, although the Claim Petition alleges the accident occurred on February 15, 1971.

"THIRD: That proper notice of the alleged accident was given to the defendant.

"FOURTH: On at least three prior occasions—once from a fall on the pavement and twice in automobile accidents, the claimant has injured her back. The occurrences, while the dates are not exact, appear to have been during the period of 1964 to 1966.

"FIFTH: That the claimant suffers from hypertrophic degenerative arthritis which may be the cause of her limitation of motion.

"SIXTH: That the claimant has failed to establish by sufficient competent evidence that she sustained a compensable accident on February 25, 1971 within the meaning of the Workmen's Compensation Act.

## "CONCLUSIONS OF LAW

"FIRST: It appearing the claimant did not suffer a compensable accident while in the course of her employment with the defendant on February 25, 1971, the claimant is not entitled to the benefits of the Workmen's Compensation Act."

As stated above, the referee disallowed Butler's claim. The matter was appealed to the Board, which did not receive any additional testimony or evidence. The Board concluded that the referee had "committed an error of law" and therefore vacated the referee's "erroneous Findings of Fact, Conclusions of Law and Order of Disallowance." In its adjudication the Board passed upon the credibility of the testimony and substituted for the referee's fourth, fifth and sixth findings (as set forth above) the following findings:

## "FINDINGS OF FACT

"FOURTH: On February 25, 1971, the Claimant was throwing bundles of linen, each bundle of which weighed approximately 50 pounds to a height of approximately six feet onto a cart.

"FIFTH: As the work of the Claimant progressed, she was required to throw the bundles of linen to an ever-increasing height. While in the act of throwing a bundle of linen which weighed approximately seventy-five pounds, to a height of approximately six feet or more, the Claimant sustained a pain in her low back which her physician diagnosed as a lumbo-sacral sprain.

"SIXTH: The Claimant has been totally disabled since July 25, 1971 by reason of the events described in the foregoing Finding of Fact."

The Board also vacated the referee's conclusion, quoted above, and substituted the following:

## "CONCLUSIONS OF LAW

"FIRST: Both parties are bound by the Workmen's Compensation Act.

"SECOND: The work which the Claimant was performing at the time she suffered her back injury was unusual and required her to exercise a materially greater amount of exertion, risk or exposure, than that, to which [she] was normally subjected. The events described in the Fifth Finding of Fact constitute a compensable accident.

"THIRD: Claimant having sustained a work-related accident with consequent disability is entitled to compensation and to payment of her statutory medical expenses."

The Commission then ordered compensation awarded to Butler.

Commercial appeals to this Court contending that the Board erred in substituting its own findings of fact for those of the referee. Commercial contends that the referee did not capriciously disregard the evidence and that therefore we must reverse the Board and affirm the referee's decision. Butler contends that although the Board stated that it was substituting its own findings for those of the referee, in fact, the Board merely "amplified and expanded" the referee's findings and did not contradict them in any way. Butler contends that under our decision in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), the Board has authority to make additional findings of fact which do not contradict or controvert the findings of fact of the referee.

It is certainly well-established that part of our scope of review is to determine whether the Board has committed an error of law. As we fully explained in *Universal Cyclops, supra,* since the 1972 amendments to section 423 of the Act, 77 P.S. §854, the referees are the ultimate finders of fact. The Board may not substitute its own findings of fact for those of the referee unless it receives additional testimony or evidence. Despite Butler's contention that the Board merely "amplified" the referee's

findings, it is clear that in this case the Board has substituted its own judgment concerning credibility for that of the referee. Thus the Board exceeded its authority and committed an error of law. *See Universal Cyclops, supra.*

Reaching this result, however, does not end the case. Even a cursory reading of the referee's findings of fact set forth above permits one to conclude that the referee did not carry out his function under the Act. The referee's findings of fact are grossly inadequate. The referee's fifth finding of fact is no finding at all, and his sixth finding is actually a conclusion of law. The referee's fifth finding indicates that he may have believed Butler failed to prove causation but his conclusion is that she failed to prove a compensable accident. The referee's findings are so inadequate that it is impossible to determine how or why he reached his result. Section 419 of the Act, 77 P.S. §852 gives the Board the power to remand any matter to the referee for the purpose of making proper findings of fact. That section reads: "The board may remand any case involving any question of fact arising under any appeal to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order. The department may refer any question of fact arising out of any petition assigned to a referee, to any other referee to hear evidence, and report the testimony so taken thereon to the original referee."

It seems clear then that the procedure which the Board should have followed in this case, where the findings of fact were so inadequate that proper review of the case was impossible, was to remand the matter to the referee for the purpose of making proper findings of fact. The Board cannot, as we said in *Universal Cyclops, supra,* substitute or make its own findings of fact unless it receives additional testimony and evidence. Questions concerning the weight and credibility of the evidence are

for the referee unless the Board takes additional evidence. It may be very tempting from our reading of this record to make a determination that the referee capriciously disregarded the competent evidence before him, but we cannot make that determination because the referee's findings are so inadquate that we cannot properly review his decision. We believe it is unfortunate, but necessary, that we reverse the Board and remand this entire matter to the Board so that the Board may either receive additional testimony and evidence on which it can render a proper adjudication or remand the matter to the referee for the purpose of making adequate findings of fact and conclusions of law upon which the Board may pass if appealed. We therefore

### ORDER

AND NOW, this 29th day of January, 1975, based upon the above discussion, the order of the Workmen's Compensation Appeal Board dated April 11, 1974 is reversed, and this entire matter is remanded to the Board for procedures not inconsistent with this opinion.