Italia E. Royesky, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Uniontown Construction Company, Respondents.

Argued February 3, 1978, before Judges ROGERS, BLATT, and DISALLE, sitting as a panel of three.

*Thomas G. Bowlen*, with him *William J. Franks*, for petitioner.

*Roy F. Walters, Jr.*, with him *Carl B. Fried*, for respondent.

OPINION BY JUDGE DISALLE, March 20, 1978:

This case comes before this Court upon a petition for review of an order of the Workmen's Compensation Appeal Board (Board). The order affirms a referee's dismissal of a fatal claim petition filed by Italia E. Royesky (Petitioner) for the death of her husband. We affirm.

Petitioner's husband, Victor M. Royesky, was employed by the Uniontown Construction Company for 16 years. On October 16, 1972, while bending down to pick up concrete blocks, the deceased suffered a hypertensive intracerebral hemorrhage. He was taken immediately to the Uniontown Hospital and received treatment from Dr. Cataldo Corrado. He was then transferred to the West Virginia University Medical Center at Morgantown where he expired on October 23, 1972.

Petitioner filed a fatal claim petition against the Uniontown Construction Company on April 12, 1973. After hearing, the claim was denied by the referee. He found that the Petitioner failed to sustain the burden of showing that her husband's death was related to his employment. This determination was affirmed by the Board on appeal and Petitioner filed this petition for review.

It was Petitioner's burden to show that her husband suffered an injury which (1) arose in the course of his employment and (2) was related thereto. *Workmen's Compensation Appeal Board v. G. M. & W. Coal Co.*, 29 Pa. Commonwealth Ct. 138, 370 A.2d 386 (1977). In a case such as this, where the injury was not obviously caused by the deceased's employment it was the Petitioner's burden to produce unequivocal medical evidence to establish such a causal relationship. *Heffer v. G.A.F. Corp.*, 29 Pa. Commonwealth Ct. 365, 370 A.2d 1254 (1977). The Petitioner failed to sustain this burden.

The record shows that the two physicians who treated the Petitioner's husband just prior to his death both testified on behalf of Petitioner. Dr. Corrado stated:

Q. In your opinion, Doctor Corrado, Mr. Royesky had for some 17 years done construction type work and on this particular day with this hypertension that he had, would lifting concrete blocks as it has been evidenced that he was doing would that cause the blood in his brain which has been diagnosed to be intracerebral hematoma?

A. Yes, it could. It may or may not.

. . . .

Q. You can't rule out that it was not work related?

A. I can't rule it out.

Medical testimony which is less than positive or which is based on possibilities does not constitute legally competent evidence in support of showing a causal relationship between an injury and a person's employment. *Hudack v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 508, 379 A.2d 1074 (1977); *Czankner v. Sky Top Lodge, Inc.*, 13 Pa. Commonwealth Ct. 220, 226, 308 A.2d 911, 914 (1973).

Even more damaging to Petitioner's claim was the testimony of her other expert, Dr. G. Robert Nugent, who had treated the decedent at the West Virginia University Medical Center. Dr. Nugent stated unequivocally that the Petitioner's death was *not* related to his employment.

Q. Doctor, would you say, from the history you received and the clinical examination, that this is a typical case of the cerebral vascular accident due to natural causes?

A. Yes. Yes, it is.

Q. This is not work-related, is that right?

A. No, I do not feel it is.

It is therefore clear that Petitioner failed to produce unequivocal medical evidence which showed that her husband's injury was related to his work. In light of this determination, Petitioner's disagreement with the referee's finding as to the exact act decedent was performing when he suffered the intracerebral hemorrhage is not relevant.[1]

## Order

And Now, this 20th day of March, 1978, the order of the Workmen's Compensation Appeal Board at

---

[1] Whether the decedent was bending over to pick up concrete blocks or was already in the process of lifting the blocks when the intracerebral hemorrhage occurred was not determinative of the medical testimony offered.

278

Docket No. A-71875, dismissing the fatal claim petition filed by Italia E. Royesky, is hereby affirmed.