## Dorothy McPhillips, Appellant v. School District of Philadelphia, Appellee.

Argued September 25, 1978, before Judges CRUM-LISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*James M. Penny, Jr.*, with him *Penny, Hinman and Bevilacqua*, for appellant.

*Robert T. Lear*, Assistant Counsel, with him *Eugene F. Brazil*, General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, January 30, 1979:

Gerald McPhillips (McPhillips), an employee of the School District of Philadelphia (Employer), died on February 15, 1967. He was 47 years of age at the time of his death. McPhillips had been a supervisor

in the Employer's payroll department for many years. Between January of 1966, and the date of his death, McPhillips had worked many hours of overtime including occasional seven day work weeks and frequent late evening work. Prior to seeing a physician on February 13, 1967, McPhillips worked 21 consecutive days, 16 to 18 hours on each day.

At his wife's insistence, McPhillips saw Dr. Sackett, an internist, on February 13, 1967, because he was having pain in his left arm. The doctor concluded that McPhillips was "*probably*" suffering from angina pectoris. The doctor prescribed medication and 10 days of complete bed rest with bathroom privileges. McPhillips had no previous history of coronary illness with his physician.

On the morning of February 14, McPhillips went back to work at his regular time and remained there for a short period. That same evening he bowled for his bowling team. According to his wife's testimony, it is possible that McPhillips went back to work after he bowled. He did not go to work the next day, but he was downstairs for lunch and went back upstairs to lie down after he had eaten. Shortly thereafter he became ill and died within a few hours.

McPhillips' widow, Dorothy McPhillips (Claimant), filed a fatal claim petition on behalf of herself and her minor son. The referee found that McPhillips died as the result of an industrial accident or from overexertion in the course of his employment. On appeal the Workmen's Compensation Board (Board) reversed the referee and denied benefits holding that there was no unequivocal medical testimony to establish a causal connection between the strain of McPhillips' employment and his heart condition and subsequent death. The Board's order was affirmed by the Philadelphia Court of Common Pleas. Claimant has appealed to this Court from that order.

Claimant argues to us that McPhillips' death was the result of unusual strain caused by his employment, or, in the alternative, his death was a compensable accident under the unusual pathological result doctrine. She contends that the Board committed an error of law and capriciously disregarded substantial competent evidence.

Dr. Sackett, the Claimant's sole medical witness, opined on direct examination that the stress and strain of *any* job with overexertion and overtime, combined with fatigue and improper eating and rest, could precipitate a condition like that of McPhillips. Dr. Sackett also testified that McPhillips died from an acute myocardial infarction which, given McPhillips' symptoms, "was inevitable" because "when he went home, stayed in bed, it was two days later that he suddenly passed out." As we have previously noted herein, the Claimant testified that her husband did *not* stay in bed and did *not* stay at home. Dr. Sackett also testified on cross-examination that McPhillips had smoked two packs of cigarettes each day, that he had an elevated cholesterol level and that McPhillips' father died of angina pectoris at the age of 52.

Dr. Bellet, a board-certified specialist in cardiovascular disease, testified for the Employer. He opined that McPhillips' death was due to a combination of factors. Having reviewed the medical records pertaining to McPhillips' death (but never having examined him personally), Dr. Bellet opined that Dr. Sackett's prescription of complete bed rest was vitally important and that McPhillips' bowling in disregard of his physician's instructions was "perhaps" one of the important precipitating causes of McPhillips' death.

Our scope of review is limited to a determination of whether the Board's findings of fact are consistent with each other and with its conclusions of law and whether the order can be sustained without a capri-

cious disregard of the evidence.[1] *Whitehead v. Casey Building Wreckers, Inc.,* 6 Pa. Commonwealth Ct. 256, 294 A.2d 215 (1972). We must also construe the evidence favorably to the party that prevailed before the Board. *Stump v. Follmer Trucking Co.,* 4 Pa. Commonwealth Ct. 110, 286 A.2d (1972). Where there is no obvious causal connection between an employee's death and an alleged accident, unequivocal medical testimony is necessary to establish the causal connection. *Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976). Here, we do not think that the Board capriciously disregarded competent evidence in concluding that the testimony of the claimant's medical expert was too equivocal to establish a causal connection between McPhillips' work and his death. To repeat for emphasis, Dr. Sackett opined that McPhillips *probably* had angina pectoris which *could* have been precipitated by his work. While he did testify unequivocally that McPhillips' death was the inevitable result of the heart condition that he had diagnosed, the doctor premised his conclusion that a massive coronary occlusion had occurred on the erroneous assumption that McPhillips had followed his instructions. Since the testimony of the Claimant was that McPhillips did not follow those instructions, the Board was entitled to reject Dr. Sackett's testimony and accept Dr. Bellet's testimony that McPhillips' failure to follow those instructions was crucial.

Accordingly, whether we consider McPhillips' death under the unusual strain doctrine, *Workmen's Com-*

---

[1] The accident, the hearing before the referee and the Board's decision occurred prior to May 1, 1972, the effective date of the 1972 amendments to the Act. Accordingly, the Board was the final arbiter of the facts in the instant case. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

*pensation Appeal Board v. United Sheet Metal Co.,* 18 Pa. Commonwealth Ct. 535, 336 A.2d 896 (1975), or under the unusual pathological result doctrine, *Scanella v. Salerno Importing Co.,* 2 Pa. Commonwealth Ct. 11, 275 A.2d 907 (1971), the Claimant here has failed to meet her burden of proving by unequivocal medical evidence that McPhillips' death was causally related to the increase of the burdens of his employment over the year previous to his death.

Accordingly, we affirm.

### ORDER

AND Now, this 30th day of January, 1979, the order of the Court of Common Pleas of Philadelphia County, Civil-Action-Law, entered March 30, 1976, affirming the order of the Workmen's Compensation Board denying benefits to Dorothy McPhillips, is affirmed.