John R. Nye, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and K & H Construction Co., Inc., Respondents.

Submitted on briefs, February 5, 1979, to Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Charles A. Bressi, Jr.,* for petitioner.

*Sandra S. Christianson,* Assistant Attorney General, for respondent, Commonwealth.

*John C. Mascelli,* with him *Joseph A. Murphy, Anthony J. Piazza,* and *Lenahan, Dempsey, Murphy & Piazza,* for respondent, K and H Construction Co.

OPINION BY JUDGE CRUMLISH, JR., May 29, 1979:

The Workmen's Compensation Appeal Board (Board) affirmed a referee's dismissal of a claim for compensation under Section 108(q) of The Pennsylvania Workmen's Compensation Act[1] and Section

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1.

301(i) of the Pennsylvania Occupational Disease Act.[2] John R. Nye appeals. We affirm in part.[3]

Claimant, John R. Nye, filed two claim petitions: one on January 17, 1975, under Section 301(i) of the Pennsylvania Occupational Disease Act and the second on August 14, 1975, under Section 301(g) of the Act[4] claiming that he suffered from totally disabling anthracosilicosis as a result of his various mining employment from 1951 to May 14, 1974. The August 14th petition was amended to enable him to proceed under Section 108(q) of the Workmen's Compensation Act.

After a hearing, a referee denied Nye's claim finding that he was not totally or permanently disabled as a result of anthracosilicosis. The sole question in this appeal is whether the referee, in reaching his conclusions, capriciously disregarded competent evidence.

Questions of fact and the resolution of testimonial conflicts are for the referee. The mere fact he accepts the testimony of one competent medical witness rather than the conflicting testimony of an equally competent medical witness is not capricious conduct. *Workmen's Compensation Appeal Board v. International Furnace, Corp.*, 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975); *see also Kuchinski v. Workmen's Compensa-*

---

[2] Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1401(i).

[3] In this appeal, Claimant-Nye is restricted to contesting the decision of the Workmen's Compensation Appeal Board as it relates to the dismissal of his claim for benefits under Section 108(q) of the Workmen's Compensation Act, 77 P.S. §27.1. Section 427 of the Pennsylvania Occupational Disease Act, 77 P.S. §1527, requires all appeals under the Act to be taken to the Court of Common Pleas. The Commonwealth Court does not have jurisdiction over appeals from the Board under the Occupational Disease Act. *Workmen's Compensation Appeal Board v. Wlodarczyk*, 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1975).

[4] Section 301(g) of the Occupational Disease Act, 77 P.S. §1401(g).

*tion Appeal Board,* 38 Pa. Commonwealth Ct. 210, 392 A.2d 348 (1978).

In this case it is clear from the record that the relevant medical testimony was conflicting. Three doctors testified as to the cause of Claimant's disability. One doctor stated that in his opinion Claimant-Nye was totally and permanently disabled due to anthracosilicosis and emphysema. Contrariwise, the two other physicians testified that Nye was not disabled due to anthracosilicosis but suffered from heart disease.[5]

The referee, in adjudging the credibility of the witnesses, simply chose to believe the physicians who testified in opposition to Nye's claim. There being no doubt that the doctors' testimony was competent we see no reason to disturb the findings.

Accordingly, we

### Order

And Now, this 29th day of May, 1979, the order of the Workmen's Compensation Appeal Board affirming the referee's findings of fact, conclusions of law and order is hereby affirmed and Petitioner's claim for benefits under Section 108(q) of the Workmen's Compensation Act is dismissed.

---

[5] Dr. Justin, for the claimant, testified that claimant was totally disabled due to anthracosilicosis and emphysema; furthermore, that he suffered from a heart condition. Dr. Auerbach, an impartial physician appointed by the referee, testified that the principal cause of Claimant-Nye's disability was arterosclerotic heart disease and although he suffered from anthracosilicosis, in itself, this was not so disabling as to disallow light general work. Dr. Wall, medical expert for the Employer, testified that Nye was not disabled due to anthracosilicosis but he did have a partial disability due to hypertension and hypertensive heart disease.