Patrick Walsh, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Tolas Corporation and Pacific Employers Insurance Co., Respondents.

Argued October 8, 1980, before Judges CRAIG, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Vincent B. Corsetti, Bank, Minehart & D'Angelo,* for petitioner.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE MACPHAIL, December 12, 1980:

Patrick Walsh (Claimant) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of Claimant's petition for workmen's compensation benefits. For the reasons which follow, we affirm.

On October 11, 1977 Claimant, a seventy-one year old part-time janitor employed by the Tolas Corporation (Employer), was injured in the course of his employment when he tripped on a piece of tin, which covered an imperfection in an area of flooring at

work, and bumped the *outer* aspect of his left ankle against a wooden skid. His injury was diagnosed later that day as a contusion. It is unclear from the record how long Claimant continued to work after this incident;[1] however, on December 14, 1977 Claimant reported to the emergency room of Holy Redeemer Hospital complaining of swollen legs and ulcerated ankles. Claimant was admitted to the hospital on December 17 with ulcers on the *inner* aspect of the left ankle and the outer aspect of the right ankle. Despite improvement during his initial stay in the hospital which terminated on December 24, 1977, Claimant was readmitted on January 4, 1978. Due to an arterial occlusion and gangrene in the left leg, Claimant ultimately was forced to undergo surgery on January 24, 1978 for an above-the-knee amputation of his left leg. Prior to the amputation Claimant apparently had experienced a long history of periodic ulcerations primarily of the left leg caused by vascular disease and venous insufficiency.

Based on the testimony presented by two medical witnesses, Claimant and two of Claimant's daughters the referee concluded that Claimant had not sustained his burden of establishing a causal relationship between his initial injury incurred in the course of his employment and the ultimate above-the-knee amputation. Finding ample support in the record for the referee's decision the Board affirmed.

The issues raised by Claimant on appeal are (1) did the referee and Board err in concluding that Claimant did not meet his burden of proving a causal relationship between his work injury and the leg amputation and (2) did the referee capriciously dis-

---

[1] Claimant first testified that he continued working for approximately five weeks after the accident, however, later stated that he worked for only two days following the incident.

regard the testimony presented on behalf of the Claimant?

Where the decision is adverse to the party with the burden of proof, here the Claimant, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with the conclusions of law and if they can be sustained without a capricious disregard of competent evidence. *A-1 Motors, Inc. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 238, 385 A.2d 632 (1978).

The applicable standard for recovery of workmen's compensation benefits requires that, absent an obvious causal relationship between the disability and the work-related accident, there be unequivocal medical evidence which is not based on mere possibilities. *Zoltak v. Keystone-Harmony Dairy,* 47 Pa. Commonwealth Ct. 378, 408 A.2d 198 (1979). After a thorough review of the entire record we agree with the referee's conclusion that Claimant did not meet his burden of establishing by unequivocal medical evidence the causal link essential to his case. Claimant's medical expert, his treating physician, did not testify unequivocally on the issue of causation. When asked whether Claimant would have developed the health problems which ultimately led to the leg amputation absent the work-related accident the physician answered, ''That's hard to say. That really is.'' Employer's medical witness, on the other hand, did testify unequivocally that no causal relationship existed. His opinion after examining the Claimant and reviewing the medical records was that he ''did not believe there was any causal relationship between the amputation on the left and the previous injury he sustained in October of 1977.'' It is clear, therefore, that the referee could not find unequivocal medical evidence

in the record to support a finding of causation. In view of the length of time between Claimant's accident and his hospitalization (over two months) as well as the fact that Claimant bumped the *outer* aspect of his left ankle while the ulceration developed on the *inner* aspect of that ankle we also are satisfied that the requisite causal relationship is not obvious. We conclude, therefore, that Claimant did not meet his burden. We, accordingly, affirm the referee's conclusion on the issue of causation.

Claimant relies exclusively upon the case of *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978) to support his argument that he did meet the burden of establishing a causal link between his present disability and his work-related injury. In the *Hamil* case, which involved a negligence action brought under Section 323(a) of the Restatement (Second) of Torts (1965) relating to the negligent performance of an undertaking to render services, the Pennsylvania Supreme Court adopted a causation standard which requires a lesser degree of certainty in plaintiff's evidence on causation than is required in workmen's compensation cases. The issue of the applicability of the standard in *Hamil* to workmen's compensation cases has recently been presented to our Court. As we stated in *Kosobucki v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 327, 332, 410 A.2d 1315, 1317 (1980), the *Hamil* case "does not eliminate or dilute the standard of unequivocal medical testimony in workmen's compensation cases. . . ." Claimant's reliance on *Hamil* is, therefore, misplaced.

We also have found no capricious disregard of competent evidence. Where there are apparent conflicts in medical testimony it is well settled that those conflicts are for the referee to resolve and that the ac-

ceptance of the testimony of one medical expert over that of another does not constitute a capricious disregard of competent evidence. *Snyder v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 227, 412 A.2d 694 (1980).

Therefore, while we feel sincere sympathy for the Claimant, we must affirm the decision and order of the Board below.

ORDER

AND NOW, this 12th day of December, 1980, the opinion and order of the Workmen's Compensation Appeal Board, dated December 12, 1979, is hereby affirmed.