Wallace L. Bender (Deceased), by Mary Ann, Widow, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and The Bell Telephone Company of Pennsylvania, Respondents.

The Bell Telephone Company of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Wallace L. Bender (Deceased), by Mary Ann, Widow, Respondents.

Argued June 1, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and WILLIAMS, sitting as a panel of three.

*Patrick H. Mahady, Mahady & Mahady,* for petitioner, *Wallace L. Bender* (deceased) by Mary Ann, widow.

*Stephen K. Ernst,* for respondent, The Bell Telephone Company of Pennsylvania.

OPINION BY PRESIDENT JUDGE CRUMLISH, November 13, 1981:

Mary Ann Bender (Bender) appeals a Workmen's Compensation Appeal Board order affirming a referee's denial of fatal claim benefits. The Bell Telephone Company of Pennsylvania cross-appeals to preserve its objection to a claimed error of law. We affirm.

On April 2, 1974, Wallace L. Bender (decedent), a Bell employee, allegedly incurred a work-related injury and subsequently entered into a Notice of Compensation Payable with Bell for total disability which began in August, 1974.[1] On March 17, 1977, Mr. Bender died and his widow filed a fatal claim petition alleging that his death was proximately caused by the April 2, 1974 accident. The referee held that (1) Bell had rebutted the presumption, arising from the compensation agreement, that there had been a work-related injury, and (2) even if there were a work-related injury, Bender had failed to produce credible medical evidence relating the death to the injury. The Board, although concluding that the compensation agreement admitted the existence of a work-related injury, concurred that Bender had failed to produce unequivocal medical testimony establishing a causal link between the decedent's death and the injury, and accordingly affirmed the referee's decision.

---

[1] The decedent signed a final receipt stating that his permanent disability had ceased on August 3, 1975. The parties executed another agreement under which the decedent, who was unable to perform his regular duties, was given a lower job classification and a consequently reduced rate of compensation. On August 25, 1975, another final receipt was signed under which the decedent indicated that he had fully recovered from his disability. On February 21, 1976, however, the parties supplementally agreed that the decedent was disabled and that such disability extended back to August 26, 1975.

The first issue for our review is whether the existence of a work-related injury was proved by the compensation agreement.[2] In *Fehr v. Y.M.C.A.*, 201 Pa. Superior Ct. 107, 112, 192 A.2d 143, 146 (1963), our Superior Court held that a compensation agreement

> amounts to a formal admission by the employer . . . of the claimant's employment; *the happening of the accident;* and the nature of the injuries resulting from the accident on the date stated while in that employment; and the total disability as a result of those injuries. (Emphasis added.)

The agreement, however, is only prima facie evidence that the claimant suffered a compensable accident. *McGahen v. General Electric Co.*, 406 Pa. 57, 60 n. 1, 177 A.2d 85, 86 n. 1 (1962). Therefore, this agreement, being an "evidential admission," is not conclusive and, accordingly, is subject to contradiction or explanation. McCormick, Law of Evidence §239 (1954).

The referee was convinced, based on the testimony of four witnesses, that Bell effectively rebutted the presumption of a work-related injury. Since the referee had committed no error of law and his finding was based on competent evidence, the Board, without taking additional evidence, was prevented from making its own contrary determination regarding the occurrence of a work-related injury. *Kunigonis v. H. P. Foley, Inc.*, 28 Pa. Commonwealth Ct. 73, 79,

[2] Initially, we note that where, as here, the decision below is adverse to the party with the burden of proof, we are limited in our scope of review to determining whether or not the findings of fact are consistent with each other and with the conclusions of law and if they can be sustained without a capricious disregard of competent evidence. *Walsh v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 288, 291, 422 A.2d 1247, 1249 (1980).

367 A.2d 763, 766 (1977).[3] We further conclude that the referee, in making his finding, did not capriciously disregard competent evidence introduced by Bender. *Automotive Center, Inc. v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 247, 248, 422 A.2d 1233, 1234 (1980).[4]

A discussion of the second issue before us demonstrates that the Board's finding of a work-related injury was harmless error. Where there is no obvious causal connection between the employee's death and an alleged accident, unequivocal medical testimony is necessary to establish the connection. *McPhillips v. School District of Philadelphia,* 40 Pa. Commonwealth Ct. 204, 208, 396 A.2d 922, 924 (1979). Since the determination of a witness's credibility is within the province of the referee, *Aluminum Co. of America v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 33, 38, 380 A.2d 941, 943 (1977), our review

---

[3] Under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §854, the Board is not free to make its own factual findings unless it hears new evidence; rather, the Board is limited to reviewing conclusions of law and to determining whether the factual findings are supported by competent evidence. *Page's Department Store v. Velardi,* 464 Pa. 276, 282, 346 A.2d 556, 559 (1975).

[4] We note that the referee could have found in favor of the employee based on the fact that Bell entered into two supplemental agreements with Bender. We have previously affirmed a Board's award of benefits to an employee based, in part, on the fact that the employer had executed a compensation and two supplemental agreements. *Crucible Steel Co. of America v. Skwarka,* 9 Pa. Commonwealth Ct. 269, 277, 306 A.2d 395, 399 (1973). However, absent the taking of additional evidence by the Board, questions concerning the weight and credibility of evidence are for the referee. *Commercial Laundry, Inc. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 297, 303-04, 331 A.2d 230, 233 (1975). Accordingly, this Court will not determine the probative value of testimony even if, on the same record, it might have reached a different result. *Redmond v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 162, 165, 420 A.2d 766, 768 (1980).

is limited to whether the order can be sustained without capricious disregard of competent evidence. *McPhillips, supra* at 207, 396 A.2d at 924. The mere fact that the referee accepts the testimony of one competent medical witness rather than the conflicting testimony of an equally competent medical witness does not satisfy the standard of capricious disregard. *Nye v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 98, 100, 401 A.2d 875, 876 (1979).

The referee, within his prerogative, concluded that the testimony of Bell's medical witness was more credible than that of Bender's. The referee found that, even if the decedent had sustained an injury on April 2, 1974, his death was not the result of that injury. This finding, based on competent evidence and not made in capricious disregard of evidence presented by Bender, will not be disturbed.

Affirmed.

Date: November 13, 1981

Judges ROGERS and WILLIAMS, JR., concur in the result only.

ORDER

The Workmen's Compensation Appeal Board order, dated August 2, 1979, Docket No. A-76094, is affirmed.