DEPARTMENT OF LABOR AND IN-
DUSTRY, BUREAU OF WORKERS'
COMPENSATION, Petitioner,

v.

WORKERS' COMPENSATION
APPEAL BOARD (SURG-
EST), Respondent.

Commonwealth Court of Pennsylvania.

Submitted March 19, 1999.

Decided Oct. 28, 1999.

Thomas J. Kuzma, Harrisburg, for peti-
tioner.

James B. Hudzik, Pittsburgh, for re-
spondent.

Before DOYLE, President Judge,
PELLEGRINI, J., and McCLOSKEY,
Senior Judge.

DOYLE, President Judge.

The Bureau of Workers' Compensation
(Bureau) appeals from an order of the
Workers' Compensation Appeal Board
(Board) affirming an order of a Workers'
Compensation Judge (WCJ) which had
granted the fatal claim petition of Eva
Surgest (Widow), the widow of Earl C.
Surgest, and also granted the claim peti-
tion of Earl C. Surgest (Claimant) filed
under Section 301(i) of the Occupational
Disease Act.[1]

Claimant worked in various foundries
until 1975.[2] On December 18, 1987, Mr.
Surgest filed a claim petition under the
Occupational Disease Act alleging that, as
of April 9, 1976, he became totally disabled
as a result of silicosis caused by his expo-
sure to silicone particles while working.
Section 301(g) of the Occupational Disease
Act, 77 P.S. § 1401(g), provides a statutory
mechanism whereby the Commonwealth
becomes a party and ultimately compen-
sates disabled claimants who meet speci-
fied eligibility requirements.[3] There is no

---

1. Act of June 21, 1939, P.L. 566, *as amended,*
77 P.S. § 1401(i). The fatal claim petition
filed under the Workers' Compensation Act,
Act of June 2, 1915, P.L. 736, *as amended,* 77
P.S. §§ 1–1041.4, is not before the Court.

2. The record does not indicate the exact dura-
tion of Claimant's employment with each
foundry, although he testified that he last
worked for Shenango, Inc. from 1956 to
1975.

3. Section 301(g) specifically provides:

    The employer liable for the compensation
    provided by this article shall be the employ-
    er in whose employment the employe was
    last exposed to the hazard of the occupa-
    tional disease claimed, regardless of the
    length of time of such last exposure: Pro-
    vided, That when a claimant alleges that
    disability or death was due to silicosis, an-
    thraco-silicosis, coal worker's pneumoconi-

dispute among the parties that Mr. Surgest meets these eligibility requirements. The Commonwealth filed a timely answer denying the allegations and petitioned to join Shenango, Inc. as a defendant because, the Commonwealth alleged, Claimant's disability would have been caused by more than five years of exposure, and, as a result, the Commonwealth was only responsible for 60% of any compensation due to Claimant, and Shenango, Inc. was responsible for the remaining 40%. Claimant's petition was assigned to a WCJ, but, during the pendancy of the proceedings, on January 29, 1988, Claimant passed away.

Following hearings before the WCJ on September 19, 1994, the WCJ issued a decision granting Claimant's claim petition, concluding that Claimant had established that, as of April 9, 1976, Claimant was totally disabled due to work-related silicosis, and the WCJ granted benefits as of that date.

On appeal, the Commonwealth argues that the WCJ incorrectly granted benefits retroactive to the date on which he found that Claimant was totally disabled, April 9, 1976. The Commonwealth asserts that a claimant may only receive benefits under Section 315 of the Occupational Disease Act, 77 P.S. § 1415, for the time period following the filing of his claim petition, December 18, 1987, and for no time prior thereto.

■ Before addressing this issue, however, we must deal with a threshold question of whether this Court has jurisdiction to hear the appeal because it involves an issue under the Occupational Disease Act. Although neither party has raised this issue, it is well settled that the Court may raise the issue of jurisdiction *sua sponte. Pennsylvania National Guard v. Work-men's Compensation Appeal Board (Greenwood),* 63 Pa.Cmwlth. 1, 437 A.2d 494 (1981).

Section 427 of the Occupational Disease Act, 77 P.S. § 1527, provides, in relevant part, as follows:

Any party may appeal from any action of the board on matters of law to the court of common pleas of the county in which the employe was last employed prior to his disability or death or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county of this Commonwealth.

77 P.S. § 1527. Section 933(a)(1)(iv) of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(iv), also reflects this jurisdictional principle. That Section provides as follows:

(a) General rule.—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

. . . .

(iv) Determinations of the Workers' Compensation Appeal Board appealable under the act of June 21, 1939 (P.L. 566, No. 284), known as The Pennsylvania Occupational Disease Act.

42 Pa.C.S. § 933(a). Indeed, this Court has held that it lacks jurisdiction to adjudicate such an appeal and that the proper Court is the Court of Common Pleas. *Nye v. Workmen's Compensation Appeal Board,* 43 Pa.Cmwlth. 98, 401 A.2d 875 (1979).

■ Although we conclude that we lack jurisdiction to adjudicate the instant appeal, we are not obligated to dismiss the

osis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during

a period of six months or more: And provided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth.
77 P.S. § 1401(g).

action; rather the appropriate action is to transfer the matter to the Court which does have jurisdiction to adjudicate the appeal. Pa. R.A.P. 751(a); Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103. The address of Claimant's last employer, Shenango, Inc. which is indicated on Claimant's claim petition is Pittsburgh, Pennsylvania, which is located in Allegheny County. Therefore, the Court of Common Pleas of Allegheny County would be a court of proper jurisdiction. We note, however, that Section 427 of the Occupational Disease Act provides that jurisdiction may properly be placed in several Courts of Common Pleas, depending on the residence of the employer, the employee or by agreement of the parties. Accordingly, although we note that the Court of Common Pleas of Allegheny County does possess jurisdiction, jurisdiction does not exclusively reside there and the parties may agree to another county. Unfortunately, there is no statutory provision which would allow the parties to agree to vest this Court with jurisdiction.

### *ORDER*

**NOW,** October 28, 1999, the appeal in the above-captioned matter is hereby transferred, pursuant to Pennsylvania Rule of Appellate Procedure 751(a) and Section 5103 of the Judicial Code, to the Court of Common Pleas of Allegheny County unless the parties to this action shall notify the Court, within 30 days of the entry of this order, that they have agreed to transfer the appeal to a different court, consistent with the attached opinion, in which case it shall be transferred to the agreed-upon court. The Chief Clerk shall certify to the Prothonotary of the court to which this action is transferred a photocopy of the docket entries of the above appeal and transmit to him forthwith the record in appeal.

Jurisdiction relinquished.