**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR & INDUSTRY, BUREAU OF WORKERS' COMPENSATION, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (BERGMAN), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 2002.

Decided Jan. 3, 2003.

Reargument Denied Feb. 28, 2003.

Martin C. Cunningham, Harrisburg, for petitioner.

Eileen Pomento, Pottsville, for respondent.

BEFORE: FRIEDMAN, Judge, COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workers' Compensation (Commonwealth) petitions for review of the June 11, 2002, order of the Workers' Compensation Appeal Board (WCAB), which amended the order of a workers' compensation judge (WCJ) requiring the Commonwealth to pay a penalty on past due benefits in an occupational disease case.

Chester Bergman (Claimant) filed a claim petition seeking benefits under section 301(i) of The Pennsylvania Occupational Disease Act (OD Act), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. § 1401(i). Claimant alleged that he became totally disabled on August 6, 1994, due to silicosis and asbestosis, which he sustained while employed in a hazardous occupation, and that he was employed within the Commonwealth at least two years preceding the date of his disability. In a decision circulated on August 24, 2000, a WCJ granted the claim petition and ordered the Commonwealth to pay benefits to Claimant.[1] (WCJ's Findings of Fact, Nos. 1, 4, 5.)

The Commonwealth filed an appeal with the WCAB and did not request a supersedeas. On November 27, 2000, Claimant filed a penalty petition, alleging that the Commonwealth failed to pay him benefits as ordered and demanding a fifty percent penalty. The petition was assigned to a WCJ, who held a hearing on the matter. (WCJ's Findings of Fact, No. 7, 9–11.)

After consideration, the WCJ concluded that the Commonwealth "violated the [OD] Act by refusing to pay Claimant's indemnity benefits, interest, and costs of litigation as ordered...." (WCJ's Conclusions of Law, No. 7.) Thus, the WCJ granted the penalty petition, imposing a fifty percent penalty on past due benefits. The Commonwealth filed an appeal with the WCAB, which allowed the penalty but reduced the amount to ten percent of past due benefits. The Commonwealth now petitions this court for review of the WCAB's decision.

The Commonwealth argues that the WCAB erred in allowing the imposition of a penalty against the Commonwealth when no penalty provision exists in the OD Act. However this court lacks jurisdiction to review a decision of the WCAB that is based on the OD Act.

Section 763(a) of the Judicial Code states that, *except* as provided in section 763(c), the Commonwealth Court has exclusive jurisdiction over appeals from final orders of Commonwealth agencies having statewide jurisdiction. 42 Pa.C.S. § 763. Section 763(c) of the Judicial Code states that the Commonwealth Court shall *not* have jurisdiction over appeals from government agencies as are within the exclusive jurisdiction of the courts of common pleas under section 933 of the Judicial Code. 42 Pa.C.S. § 763(c).

Section 933(a)(1)(iv) of the Judicial Code states that the courts of common pleas shall have jurisdiction over appeals from the final orders of the WCAB pursuant to section 427 of the OD Act. 42 Pa.C.S. § 933(a)(1)(iv). Section 427 of the OD Act states that a party may appeal any action of the WCAB on matters of law to (1) the court of common pleas of the county in which the employee was last employed pri-

---

1. Under section 301(j) of the OD Act, the Commonwealth pays the compensation to persons qualified for benefits under section 301(i) of the OD Act. 77 P.S. § 1401(j).

or to the disability, (2) the court of common pleas of the county in which the adverse party resides or has a permanent place of business or (3) by agreement the court of common pleas of any other county of the Commonwealth. 77 P.S. § 1527.

Here, the question presented involves a matter of law pertaining to the OD Act, i.e., whether the WCAB erred in allowing the imposition of a penalty against the Commonwealth when no penalty provision exists within the OD Act. Therefore, jurisdiction lies in the courts of common pleas under section 427 of the OD Act. Accordingly, this matter will be transferred to an appropriate court of common pleas pursuant to Pa. R.A.P. 751(a) and section 5103 of the Judicial Code, 42 Pa.C.S. § 5103. *See Department of Labor and Industry, Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Surgest)*, 742 A.2d 221 (Pa.Cmwlth.1999).

### *ORDER*

AND NOW, this 3rd day of January, 2003, the appeal in the above-captioned matter is hereby transferred, pursuant to Pennsylvania Rule of Appellate Procedure 751(a) and section 5103 of the Judicial Code, to the Court of Common Pleas of Dauphin County unless the parties to this action shall notify the court within thirty (30) days of the entry of this order that they have agreed to transfer the appeal to a different court, in which case it shall be transferred to the agreed-upon court.

Jurisdiction relinquished.