Clement M. Mekunis, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Pottsville Bleach & Dye Company, Respondents.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Stephen P. Ellwood,* with him *Lester Krasno,* for petitioner.

*Frank L. Tamulonis, Zimmerman, Lieberman & Derenzo,* with him *Joseph Holochuck,* for respondents.

OPINION BY JUDGE MENCER, October 6, 1981:

Clement M. Mekunis (claimant) has appealed from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's denial of benefits. We affirm.

Claimant alleges that he suffered a myocardial infarction while in the course of his employment as a truck driver for Pottsville Bleach & Dye Company (employer). In the hearing before the referee, claimant testified that, on April 1, 1976, he had experienced pain in the center of his chest while unloading the employer's truck. After leaving work for the day, claimant went to the hospital where he was diagnosed as having suffered from a myocardial infarction. Claimant also presented evidence to indicate that, on April 1, 1976, he had been driving a larger truck than usual, had made more stops than usual, and had loaded an

unusually large number of packages into the truck. Claimant further introduced the testimony of his treating physician, who opined that claimant was suffering from "undue stress, both emotionally and physically, prior to that evening" which was the "direct precipitating cause of the myocardial infarction."

The employer introduced the testimony of two medical witnesses, both of whom indicated that claimant's employment was unrelated to his myocardial infarction. Dr. Wilton R. Glenney testified that claimant's infarction was caused by a necrosis of the heart, which developed its first symptoms on March 28, 1976. Dr. Amilcar Longarini testified that claimant was apparently suffering from atherosclerosis, which caused his myocardial infarction.

Claimant argues that a remand is necessary because the referee applied the "unusual strain doctrine" in determining the burden of proof claimant must meet. In support of this argument, claimant points to finding of fact 20, where the referee stated that, "based on the evidence of record, claimant failed to prove undue stress (physical and emotional) in his employment with [the employer] during the period (prior to the evening of April 1, 1976), as alleged by the claimant." While we recognize that a 1972 amendment to The Pennsylvania Workmen's Compensation Act (Act)[1] eliminated the need to prove that the heart attack had resulted from "unusual strain,"[2] we do not

---

[1] Act of June 2, 1915, P.L. 736, *as amended* by the Act of March 29, 1972, P.L. 159, 77 P.S. §1 *et seq. See* Section 301(c) of the Act, 77 P.S. §411.

[2] Prior to the enactment of the 1972 amendment, the Act required that an injury result from an "accident" in order to be compensable. To mitigate the harsh results imposed by this requirement, the courts developed the "unusual strain doctrine," which allowed compensability where a claimant could establish that the injury or death resulted from an overexertion or unusual strain

agree that this finding indicates that the referee applied the wrong legal standard to the facts of this case. Claimant's evidence was clearly directed toward proving that he had incurred unusual strain in his employment, which precipitated the myocardial infarction. We therefore cannot say that the referee erred by addressing the specific theory of causation relied upon by the claimant in the presentation of his case.

Furthermore, the referee stated in finding of fact 27 that "claimant failed to meet the burden of proof to support and substantiate a causal relationship between the myocardial infarction and his employment with defendant on April 1, 1976." This finding sets forth the correct burden of proof and indicates that the referee did not misinterpret the law relevant to claimant's case.

Since the referee's findings can be sustained without a capricious disregard of competent evidence, *Hudack v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 508, 379 A.2d 1074 (1977), we will affirm the decision of the Board and enter the following

### ORDER

AND Now, this 6th day of October, 1981, the order of the Workmen's Compensation Appeal Board, dated May 8, 1980, affirming the referee's denial of benefits to Clement M. Mekunis, is hereby affirmed.

---

encountered in the course of employment. *E.g., Hamilton v. Procon, Inc.,* 434 Pa. 90, 252 A.2d 601 (1969). The inconsistent results that flowed from this doctrine were eventually remedied by the 1972 amendment to the Act, which deleted the "by accident" requirement and inserted the requirement of an "injury" in its place. This change eliminated the need to prove that the heart attack resulted from unusual strain and, instead, requires a claimant to establish a causal relationship between his employment and his injury. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975).